# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICARDO WALKER, on behalf of himself and all others similarly situated,** <br> **Plaintiff,** <br><br> v. <br><br> **SAM'S OYSTER HOUSE, LLC,** <br> **Defendant.** | **CIVIL ACTION** <br><br><br><br> **NO. 18-193** |

DuBois, J.                                                                                                                   September 17, 2018

## **MEMORANDUM**

### I.    INTRODUCTION

Plaintiff Ricardo Walker, a blind individual, alleges that Sam's Oyster House, LLC failed to make its website accessible to blind people. In this suit arising under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, plaintiff asserts claims on behalf of himself and all putative class members against Sam's Oyster House, LLC for disability discrimination under the ADA. Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint Purusant [sic] to Federal Rules of Civil Procedure 12(b)(1) & (6). Because the Amended Complaint fails to allege a concrete and particularized injury in fact, defendant's Motion is granted without prejudice.

### II.    BACKGROUND

The facts set forth below are drawn from plaintiff's First Amended Complaint. The Court construes that complaint in the light most favorable to the plaintiff, as it must in a motion to dismiss.

Plaintiff is a blind individual residing in Queens, New York. Pl. Am. Compl. ¶¶ 2, 14. Defendant operates a restaurant in Philadelphia, Pennsylvania, Oyster House, and owns, controls, and operates a website, Oysterhousephilly.com ("Website") that provides information about the restaurant and sells restaurant gift cards online. *Id*. at ¶ 1. The Website contains information about the restaurant's location, hours, phone numbers, menu, history, social media accounts, and partner restaurants. *Id*. at ¶ 31.

Plaintiff has made numerous attempts to browse defendant's menus, locations, hours, and phone number on the Website, most recently in November 2017, but was unable to do so without assistance due to his visual impairment. *Id*. at ¶ 43. Plaintiff claims that "because Plaintiff was unable to find the location, hours and phone number on the Website, Plaintiff was prevented from accessing the physical location [of the restaurant]." *Id*. at ¶ 43. He argues that defendant chose to utilize "a predominantly visual interface" for the Website "despite readily available accessible technology" such as the use of alternative text, accessible forms, descriptive links, and resizable text. *Id*. at ¶ 19.

Plaintiff's putative class includes himself and "all legally blind individuals in the United States who have attempted to access the Website and as a result have been denied access to the enjoyment of goods and services offered by Defendant, during the relevant statutory period." *Id*. ¶ 19.

Plaintiff filed his initial Complaint on January 16, 2018. On April 4, 2018, he filed the First Amended Complaint. Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint on May 18, 2018. Plaintiff responded on June 15, 2018. The Motion is thus ripe for review.

### III. LEGAL STANDARD

"The purpose of a 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint," not the merits. *Wainberg v. Dietz & Watson, Inc.*, No. 17-2457, 2017 WL 5885840, at *2 (E.D. Pa. Nov. 28, 2017). To survive a motion to dismiss, plaintiff must allege "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, for plaintiff's claims arising under Title III of the ADA, 42 U.S.C. § 12181, *et seq*.

### IV. DISCUSSION

Plaintiff asserts a claim of discrimination in violation of the ADA and requests injunctive and declaratory relief. Defendant moves to dismiss the claims on two grounds: plaintiff lacks standing and the law suit violates defendant's Fifth Amendment right to due process. Because the Court concludes that plaintiff lacks standing, the Court does not address defendant's due process argument.

a. **Place of Public Accommodation under the ADA**

Plaintiff contends that the Website is a "place of public accommodation" under the ADA. Title III of the ADA provides in relevant part that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). Citing extensively from Second Circuit case law, plaintiff urges this Court to

conclude that a website may constitute a "place of public accommodation" under the ADA. Pl. Mem. in Opp'n to Def. Mot. To Dismiss 7-11. *See*, *e.g.*, *Pallozzi v. Allstate Life Ins. Co.*, 198 F.3d 28, 32 (2d Cir. 1999) ("To ... limit the application of Title III to physical structures ... would severely frustrate Congress's intent that individuals with disabilities fully enjoy the goods, services, privileges and advantages, available indiscriminately to other members of the general public.")

The Court rejects plaintiff's argument. Contrary to the Second Circuit, the Third Circuit has expressly limited "public accommodations" to physical places. *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 613 (3d Cir. 1998); *see also Peoples v. Discover Fin. Servs.*, *Inc.*, 387 F. App'x 179, 183 (3d Cir. 2010) (holding that "public accommodations" are limited to physical places). A website is not a physical location and therefore does not constitute a place of public accommodation under Section 12182(a) of the ADA. *Tawam v. APCI Fed. Credit Union*, No. 18-00122, 2018 WL 3723367, at *6 (E.D. Pa. Aug. 6, 2018).

The Third Circuit has held, however, that the ADA applies to services and privileges of a place of public accommodation as long as there is "some nexus between the services or privileges denied and the physical place . . . as a public accommodation." *Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113, 122 (3d Cir. 1998); *see also McGann v. Cinemark USA, Inc.*, 873 F.3d 218, 229 (3d Cir. 2017) (finding a sufficient nexus between physical location and necessary auxiliary services). Because the statutory cause of action is tethered to the physical location of the place of public accommodation, a plaintiff must allege an injury suffered in relation to the place of public accommodation.

In the instant case, in order to prevail plaintiff must allege that the injury he suffered on defendant's website prevented him from availing himself of the restaurant's goods and services.

A mere inability to access information on the Website, without more, is not cognizable under the ADA as a matter of law. While plaintiff avers that his inability to access the Website information prevented him from going to the restaurant, he has not plead a concrete and particularized injury in fact necessary for Article III standing—he has not plead that, had he been able to access the Website, he would have traveled to the restaurant for a meal.

    b.    **Article III Standing Requirement—Concrete Injury in Fact**

Under Article III of the United States Constitution, the power of the judiciary "extends only to 'Cases' and 'Controversies.'" *Long v. Se. Pennsylvania Transportation Auth.*, No. 17-1889, 2018 WL 4290046, at *5 (3d Cir. Sept. 10, 2018) citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1545 (2016). The standing doctrine defines a justiciable "case" or "controversy." *Id*. Article III standing requires (1) an injury in fact, (2) a causal connection between the injury and the defendant's conduct, and (3) a likelihood that a favorable decision will provide redress for the injury. *Id*. An injury in fact is one where the invasion of a "concrete and particularized legally protected interest" results in harm that "is actual or imminent, not conjectural or hypothetical." *Id*.

While the ADA permits suit by "any person who is being subjected to discrimination on the basis of disability. . . or who has reasonable grounds for believing that such person is about to be subjected to discrimination," 42 U.S.C. § 12188(a)(1), plaintiff can only satisfy the injury in fact element with discrimination that is "concrete and particularized" and "actual or imminent." *Long*, 2018 WL 4290046 at *5. The Third Circuit has "not directly addressed the contours of the injury in fact requirement in ADA cases." *S.F. by K.F. v. Sch. Dist. of Upper Dublin*, No. 17-04328, 2018 WL 1858363, at *3 (E.D. Pa. Apr. 18, 2018). However, district courts within this Circuit have used two methods to determine whether a plaintiff has suffered an injury in

5

fact: (1) "the intent to return method" or (2) "the deterrent effect method." *Id*. As discussed below, plaintiff's alleged harm does not meet the injury in fact requirement under either method.

### i. Intent to Return Method

The intent to return method requires: (1) the plaintiff to allege that the defendant engaged in past discriminatory conduct that violates the ADA; (2) allegations sufficient to support a reasonable inference that the discriminatory conduct will continue; and (3) allegations sufficient to support a reasonable inference, based on past patronage, proximity of the public accommodation to the plaintiff's home, business, or personal connections to the area, that the plaintiff intends to return to the public accommodation in the future. *Garner v. VIST Bank*, No. 12-5258, 2013 WL 6731903 at *5 (E.D. Pa. Dec. 20, 2013).

Plaintiff has not satisfied the third part of the intent to return test. Although plaintiff states that, because of the barriers on the Website, he was unable to find the location, hours, and phone number of the restaurant, plaintiff fails to allege that he intended to go to the restaurant. *See* Pl. Am. Compl. ¶ 43. Plaintiff has not even alleged a desire to go to defendant's restaurant. Plaintiff does allege that he "intended to browse Defendant's menus, location, hours, and phone number on the Website, but was unable to successfully do so." *See Id*. at ¶ 10. However, the "place of public accommodation" is defendant's restaurant, not the Website.

Furthermore, the alleged facts do not permit an inference that plaintiff intends to return to the restaurant in the future. As defendant points out, defendant's establishment is over 100 miles away from plaintiff's home. Def.'s Mem. Supp. Mot. Dismiss at 1-2. Plaintiff has not averred past patronage of defendant's restaurant or any other restaurant in Philadelphia, nor has he stated in the Amended Complaint any personal connection to the Philadelphia area. Thus, plaintiff has not plead a concrete injury in fact through the intent to return method.

### ii. Deterrent Effect Doctrine

Plaintiff also fails the deterrent effect doctrine test. To satisfy this test, a plaintiff must plead that (1) he has actual knowledge of barriers preventing equal access; and (2) he would use the facility if not for the barriers. *Hollinger v. Reading Health Sys.*, No. CV 15-5249, 2016 WL 3762987, at *11 (E.D. Pa. July 14, 2016). While plaintiff has alleged actual knowledge of the Website's accessibility barriers, he has not plead that he would have gone to the restaurant but for the discriminatory barriers. Although plaintiff claims that he was "prevented from accessing the physical location" by his inability to find the location, hours, and phone number on the Website, Pl. Am. Compl. ¶ 43, he does not aver an intent to go to the restaurant. As such, plaintiff has not alleged sufficient facts that, if accepted as true, would allow the Court to draw the inference that he would have patronized defendant's restaurant if not for the accessibility barriers. Thus, plaintiff has not alleged a concrete and particularized injury in fact through the deterrent effect doctrine.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted without prejudice to plaintiff's right to file an amended complaint within twenty days if warranted by the facts and applicable law as set forth in the Memorandum.